# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**TAREYAN COOKS,**
**Inmate # 182317,**

     **Plaintiff,**

**vs.**                                                                   **Case No.  4:25cv536-MW-MAF**

**B. ABRAHAM, et al.,**

     **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

The pro se Plaintiff initiated this case while detained at the Leon County Detention Facility.  Plaintiff submitted a handwritten civil rights complaint under 42 U.S.C. § 1983, ECF No. 1, but did not pay the Court's $405.00 filing fee or file an in forma pauperis motion.  An Order was entered directing Plaintiff to do one or the other, and explaining the requirements for requesting in forma pauperis status.  ECF No. 4.

Plaintiff subsequently filed a handwritten in forma pauperis motion, ECF No. 5, but still did not file a proper in forma pauperis motion.  Instead, Plaintiff said that he filed a prior in forma pauperis motion in early October

2025 in another case (presumably in another court), and sent "the only bank account statement he had in his possession."  *Id.* at 1.  Plaintiff's request to have this Court obtain copy of that bank account statement was denied.  ECF No. 6.  Plaintiff was informed that it was his obligation to properly support an in forma pauperis motion; it is not the Court's responsibility to obtain that support for Plaintiff.  *Id.*  Thus, Plaintiff was provided additional time in which to obtain the necessary documentation to support an in forma pauperis motion in accordance with 28 U.S.C. § 1915(a)(2).  Plaintiff was given until February 5, 2026, to do so, and warned that this case would be dismissed if he did not comply.  *Id.*

As of this date, nothing further has been received.  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed.

2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  <u>Smith v. Bruster</u>, 424 F. App'x 912, 915 (11th Cir. 2011).  Here Plaintiff was forewarned and did not respond to two Court Orders.  ECF Nos. 4, 6.  Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 20, 2026.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**